## Rogers *vs* Moore's Heirs.

CHANCERY.

**APPEAL FROM THE LOUISVILLE CHANCERY COURT.**

*Case* 90.

*Limitations.   Possession.   Right of entry.*

JUDGE SIMPSON delivered the opinion of the Court.

*July* 13.

THE heirs of James F. Moore having obtained a judgment in ejectment against the appellant Rogers for the land in contest, the latter exhibited a bill in chancery claiming to have the superior equity to it, under two entries, one in the name of Thomas Owsley and the other in the name of John Larue, and praying a surren-

Case stated.

der of the legal title by Moore's heirs, their ancestor having obtained the elder patent.

The patents to Moore bear date the first day of June, one thousand seven hundred and eighty four. One of them is for one thousand acres, the other, (there being two,) is for thirteen hundred and ninety five acres. They adjoin each other; and a small part of the land in dispute is embraced within the boundary of the latter patent, the residue of it is covered by the patent for one thousand acres.

Owsley's entry bears date the 29th May, 1780, and the entry in the name of John Larue is dated the 3d February, 1783.

Admitting these entries to be valid, and that when surveyed according to law, they cover the land in contest, and the appellant has shown that he is entitled to the benefit of them, and that Moore's entries are invalid the question then occurs, whether the lapse of time and the statute of limitations relied upon by the defendants, have rendered the superior equity unavailing.

This suit in chancery was commenced in 1843, almost sixty years after the patents of Moore issued. Neither the appellant nor those under whom he claims, had any possession inside of Moore's patent, until the year 1839. Shortly after the appellant entered within the interferance and took possession, Moore's heirs brought their action of ejectment, and recovered a judgment against him.

It is well settled by repeated adjudications, that twenty years adverse possession is a bar to a suit in chancery upon the oldest entry: (2 *Littell*, 56; 6 *Littell*, 510.)

The statute does not, in terms, apply to a Court of equity, but it will in analogy, to a proceeding in a Court of law, apply the provisions of the statute to cases in which they would be permitted to operate in a legal tribunal, under similar circumstances: (1 *Marshall*, 517; 2 *Marshall*, 145; 3 *Monroe*, 41; 5 *Monroe*, 93.)

According to these principles, the appellant cannot succeed under his equitable claim, if the patentee, Moore and his heirs, have been in the adverse possession

The statute of limitations, tho' not in terms applying to suits in chancery, will be applied by the Chancellor in analogy to its application to suits at law. It has been applied to suits in chancery upon the oldest entry. (2

off the land in contest for twenty years before the institution of the present suit.

Previous to the year 1790, Moore, the patentee, had entered on the land embraced by the patent for 1395 acres, cleared a field, and erected a large dwelling house, which was never finished. That field, however, has been occupied by Moore and those holding under him, ever since that period. As the two surveys adjoin each other, by his entry upon one, he acquired the possession of both. And as he had the elder legal title, that possession, according to the well settled doctrine on the subject, extended to the limits of his claim, notwithstanding the interferance between his elder patent and the patents of Owsley and Larue, which were both of younger date, but under which no possession had been then taken, inside of the interferance. Besides, he had, at a very early period, settled a tenant on the one thousand acre survey, and the possession has been held by his heirs ever since his death, except so far as sales were made by them, and in such cases, their vendees have been in possession since their purchases.

The land in dispute, however, had never been enclosed up to the year 1839, when the appellant entered and took possession of it. But although unenclosed, inasmuch as it was inside of the boundary of the land patented to Moore, part of which he and those claiming under him, have had in actual occupancy since the year 1790, it must be regarded as having been in his possession and in the possession of those holding under him, unless the law in relation to the possession is changed by the fact, that although Moore had the elder legal title, a superior equity to the land existed in others.

The legal title carries with it the right of entry. A person invested with the legal title, in entering upon a tract of land which is vacant, with an intention to take possession of the whole of it, acquires possession to the extent of his boundary, although a portion of it remains unenclosed, and notwithstanding a superior equitable title to such portion may be vested in other persons. The equitable title does not enable the claimant to enter

Rogers
vs
Moore's Heirs.

Litt., 56; 6 Ib., 510;) and decided a bar to a suit in equity to recover against the elder patent, and 20 years adverse possession.

The holder of the legal title has the right of entry, and an entry upon any part of the tract extends to the whole boundary, tho' a superior equitable title may exist in another.

Rogers
*vs*
Moore's Heirs.

—But an entry under a junior patent, although there be a superior equity with the junior patentee, gives no possession to the junior patentee inside of the elder patent, there being no right of entry.

and take possession, nor does it preclude the owner of the legal title from exercising his right of entry.

A settlement, therefore, under a junior patent, based on a valid elder entry, outside of the interferance with the elder patent, does not have the effect of giving to the junior patentee, and those claiming under him, a possession inside of the elder patent, because the junior patentee has no right of entry, and his possession will not be extended by construction, beyond his right of entry, so as to make him guilty of a trespass. Consequently, the extent of the possession of either claimant, is determined by the rules of law applicable to the legal title, without any regard to the superior equitable right.

The proprietor of an elder and better equity to a portion of the land, inside of an elder patent, would have a right to sue the elder patentee in equity, so soon as such elder patentee acquired possession of the land, although he had enclosed no part of the interferance. Inasmuch, therefore, as his right to maintain a suit against the legal title holder, would accrue as soon as such possession was taken, time would commence operating against his equitable right from that period.

Nothing has been relied upon sufficient to take the case out of the operation of the statute of limitations. The children of John Larue, the individual in whose name one of the entries claimed by the appellant was made, were, according to the proof, all infants at the time of his death. But the youngest of his children had attained the age of twenty one, more than thirty years previous to the institution of the present suit; so that the disability of infancy cannot have the effect of preventing the running of the statute.

Inasmuch, therefore, as the claim of the appellant is barred by the statute of limitations, we have not considered it necessary to investigate the validity of the entries under which he claims.

Wherefore, the decree of the Chancellor dismissing the appellant's bill, is affirmed.

*Guthrie* for appellant; *Pirtle & Speed* for appellees.